## CIRCUIT COURT OF THE CITY OF RICHMOND

Ronnie C. Demery

v.

Southland Corp.

December 5, 1983

Case No. LG-382

By JUDGE WILLARD I. WALKER

With respect to the defendant's motion to set aside the verdict of the jury on the ground that the plaintiff failed to establish defendant's malice, I rule in favor of the plaintiff. Even if malice could not be inferred from the want of probable cause, on which there was certainly evidence, there is evidence in this case from which the jury might infer direct malice. The defendant's employee testified that he had no other interest except to protect the property of his employer. There was also testimony from the defendant's employee that the plaintiff removed from his pocket the can of meat, or whatever it was, and put it back on the shelf before he left the store, and yet the defendant's employee saw fit to get out not one warrant but two warrants against the plaintiff, one for the assault upon him and one for the supposed concealment of merchandise upon his person.

I believe it is possible to infer from that alone that the defendant' employee was actuated by anger, ill will and therefore malice growing out of the assault.

With respect to the defendant's motion that the verdict is excessive and reflects some improper bias on the part of the jury or that it is otherwise shocking to the conscience of the court, I rule partially in favor of the defendant. This verdict of $10,000 bears absolutely no resemblance to the evidence taken in this case. I certainly do not suggest that Mr. Demery is not capable of being injured by malicious prosecution and slander simply because he is not a person of impeccable reputation. Nonetheless, the verdict must bear some reasonable relationship to the evidence of actual harm done to the plaintiff. I cannot state my position better than it is stated in the defendant's brief beginning on page 6, from which I quote.

> In support of his damages claim, the plaintiff presented no evidence whatsoever other than his own testimony which amounted to only sweeping generalizations and conclusory, self-serving statements. In fact, the only testimony regarding damages was that Mr. Demery was embarrassed by the accusation in the 7-Eleven Store and was concerned that acquaintances might bring this up in the future. But, in this case, it is just as important to note what evidence was not presented as that which was presented:
>
> 1. There was no evidence regarding Mr. Demery's actual loss of reputation and character.
>
> 2. There was no evidence that anyone in the 7-Eleven Store at the time of the accusation even knew who Mr. Demery was.
>
> 3. There was no evidence that anyone was present when Mr. Demery was arrested by the officer the next day.
>
> 4. There was no evidence that anyone at the

police station knew Mr. Demery at the time of his arrest.

5. There was no evidence of any newspaper or other publication of the arrest.

6. There was no evidence of any medical or psychiatric treatment as a result.

7. There was no evidence that Mr. Demery had difficulty sleeping, became irritable or emotional, had headaches or that the incident had any effect upon his personal relationships.

8. There was no evidence that this incident had any effect upon his employment.

9. There was no evidence that Mr. Demery was embarrassed to keep his social or business commitments.

10. There was no evidence that Mr. Demery lost any friends.

Aside from Mr. Demery's own selfserving, conclusory and ambiguous allegations that he was embarrassed, there was no direct and independent evidence of any damage. Further, there was evidence presented to the Court regarding plaintiff's character that suggests little or no harm to his reputation.

In the light of these matters, it does not seem to me that the verdict in this case bears any relationship whatsoever to the injuries suffered by the plaintiff, and although the amount of $10,000 does not seem excessive in and of itself, in this particular case, to me it is excessive and shocking. I can only conclude that the jury was actuated by some motive or bias independent of the evidence in the case, perhaps the hostility aspect of the swearing out of the warrant by the 7-Eleven employee, when they determined to return an award of $10,000.

Accordingly, the court grants a remittitur of $7,000 and puts the plaintiff on terms pursuant to law either to accept the sum of $3,000 as the judgment in this case with or without protest, or to suffer a new trial.

Inasmuch as I do not believe in slander and malicious prosecution cases that it is fair to separate liability and damages, a new trial would be upon all issues.